■ ANTOINETTE DEJMEK, Appellant, v. LITE-VENT, INC., Respondent.— In an action to recover damages for breach of a contract, plaintiff appeals from two orders of the Supreme Court, Nassau County: (a) an order, dated June 13, 1961, which denied her motion to set down the action for inquest on a date certain pursuant to a prior order of the court which struck out defendant's answer for failure to appear upon a pretrial examination; and (b) an order, dated June 21, 1961, which denied her motion for leave to renew upon additional papers her previous motion. Order of June 13, 1961, reversed, without costs; motion to set the action down for inquest on a date certain granted; and motion remitted to the Special Term for the fixation of such date. Appeal from order of June 21, 1961, dismissed as academic. If plaintiff does not choose to do so, she is not required to move to amend her complaint as a prerequisite to her right to take the inquest. Having elected to stand on her original complaint without amendment thereto, plaintiff is entitled to proceed with the inquest and to recover such damages as she is able to prove under the allegations of that complaint. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ HUMBLE OIL & REFINING COMPANY, Respondent, v. TOWN OF GOSHEN, Appellant, et al., Defendant.— In an action for goods sold and delivered, the defendant Town of Goshen appeals: (1) from an order of the Supreme Court, Westchester County, dated May 14, 1962, which (a) granted summary judgment in favor of plaintiff against said defendant; and (b) denied said town's cross motion for change of venue; and (2) from the judgment of said court entered May 31, 1962 on said order. Appeal dismissed, without costs, as academic. Admittedly, the individual defendant's alleged illegal acts as Highway Superintendent were subsequently validated under the provisions of section 227 of the County Law, and the claim was satisfied by the defendant town which thus ratified the acts in question. This action, therefore, no longer presents justiciable issues, and the questions raised on this appeal have become moot as between the parties (cf. *Yanarella* v. *McClane,* 16 A D 2d 982, 983, and cases there cited). In our opinion, the action does not present questions of such importance as to require a determination by this court in the public interest. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.